OPINION
Appellant, James P. Peters, appeals a judgment of the Butler County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child.
In July 1999, Kimberly M. Reif and her son lived in a townhouse at 5109 Pleasant Avenue in Fairfield, Ohio. On July 4, Reif briefly met appellant on her back porch while he was talking to her son. The next day, Reif and her son temporarily moved into a hotel while the townhouse air conditioning unit, which had been malfunctioning since July 1, was being repaired. On July 6, Reif checked on her house and the dog and the two puppies she had left there. Everything was normal. The next day, the apartment manager called Reif to inform her that the air conditioning repairman was at her house and that her son had let him in. Reif informed the manager that her son had asthma and was with her at the hotel. She then called the police.
When the police arrived at the house, they found the front and back doors unlocked (there was no evidence of forced entry) and appellant cooking chicken in the kitchen. The kitchen was a mess. The rest of the house was trashed, with a lot of junk and garbage around the house; a bike was on top of a couch, leaving grease stains on the furniture; picture frames and small figurines had been knocked off furniture or knocked over; movies and clothes were strewn throughout the house. As one of the investigating police officers testified, the house "was more than messy. It was ransacked." Upon her arrival at her house, Reif was appalled by what she saw. The house was notably more messy than Reif had left it two days earlier. The house also had a terrible smell of urine which emanated mostly from the downstairs bathroom. Reif subsequently noticed that a Sony Play Station, several games, a CD boom box, several CDs, and a Game Boy with games were missing.
By complaint filed July 8, 1999 and amended complaint filed August 10, 1999, appellant was charged as a delinquent for burglary in violation of R.C. 2911.12(A)(3) and criminal trespass in violation of R.C. 2911.21(A)(1). By judgment entry filed August 11, 1999, the juvenile court found appellant to be a delinquent child and sentenced him to the Department of Youth Services for a minimum commitment of six months to a maximum commitment not to exceed his twenty-first birthday. Appellant appeals and raises as his sole assignment of error that his conviction for burglary and criminal trespass was against the manifest weight of the evidence.
When determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. An appellate court's discretionary power to grant a new trial should be exercised only in extraordinary circumstances when the evidence weighs heavily against the conviction. Id. A reversal is warranted when the appellate court disagrees with the factfinder's resolution of the conflicting testimony. Id. In making this analysis, the appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2911.12 addresses burglary and provides in relevant part that no person, "by force, stealth, or deception, shall * * * trespass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense[.]" R.C. 2911.12(A)(3). "[O]pening an unlocked door is sufficient to constitute force as required by the crime of burglary." State v. Helms (Mar. 24, 1999), 1999 WL 306503, at *4, Summit App. No. 18940, unreported. "R.C. 2901.01(A) does not provide for any measure of the physical exertion that might constitute force, but instead looks to the purpose for which the physical exertion, however slight, has been employed. If that purpose is to overcome a barrier against the actor's conduct, whether that barrier is in the will of the victim or the closed but unlocked door of a home, the physical exertion employed to overcome the barrier may constitute force." Id. R.C.2911.21 in turn governs criminal trespass and provides in part that no person, "without privilege to do so, shall * * * knowingly enter or remain on the land or premises of another." R.C.2911.21(A)(1).
Appellant was found in Reif's kitchen cooking chicken. Contrary to what he stated to the police when arrested, Reif never gave him the permission to enter and be in her house. In addition, appellant had been warned by one of the investigating police officers one to two months earlier to stay off the property at 5109 Pleasant Avenue. The mess in the kitchen indicated that appellant had been cooking and eating there. The rest of the house was trashed and ransacked and smelled of urine. In light of the foregoing, we cannot say that the trier of fact clearly lost its way and created a miscarriage of justice by finding that appellant committed the acts with which he was charged. Appellant's conviction for burglary and criminal trespass is therefore not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.